UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BUDGET RENT A CAR SYSTEM, INC.
and ACE AMERICAN INSURANCE
COMPANY,

                                          CASE NO. 6:17-cv-00993-Orl-41 GJK

    Plaintiffs,

vs.

PATRICK SHEA, SANDY
MORFORD, as personal representative
of the estate of James Shinaver, and
GRACIELA VALLEY, as personal
representative of the Estate of Teresa Shinaver,

    Defendants.
_____/

## DEFENDANT PATRICK SHEA'S MOTION TO PRECLUDE TESTIMONY FROM PLAINTIFFS' UNDISCLOSED WITNESS RUTH VACHA AND INCORPORATED MEMORANDUM OF LAW

Defendant PATRICK SHEA ("Shea"), by and through his undersigned counsel, hereby files his Motion to Preclude Testimony from Plaintiff BUDGET RENT A CAR SYSTEM, INC. ("Budget") and ACE AMERICAN INSURANCE COMPANY'S ("ACE") Undisclosed Witness Ruth Vacha and Incorporated Memorandum of Law, and in support states the following:

1. Pursuant to this Honorable Court's Case Management and Scheduling Order, the Plaintiffs were obligated to give notice of all expert testimony, containing the information required by Federal Rule of Civil Procedure 26, on or before February 5, 2018. (Doc. No. 25.) The Order states that on or before February 5, 2018, "the party shall fully comply with Federal Rule of Civil Procedure 26(a)(2) and 26(e)…Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness." (Doc. No. 25, p. 3.)

2. In addition, pursuant to Federal Rule of Civil Procedure 26(a)(2)(a), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705" (expert testimony and opinions).

3. An expert report is required if a witness is retained or specially employed to provide expert testimony or if their duties regularly involve them giving expert testimony. Fed. R. Civ. P. 26(a)(2)(B). Even if a written report is not required, the party *must* still provide an expert disclosure with the following information: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26 (a)(2)(C).

4. Compliance with Rule 26, "is not merely an aspiration as the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise." *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 607-CV-222-ORL-35KRS, 2009 WL 1043974, at *3 (M.D. Fla. Apr. 17, 2009) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 37, if a party fails to comply with Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (noting that when a party fails to provide information as required under Rule 26, Rule 37 authorizes the Court to sanction that party).

5. No expert witness was ever filed by the Plaintiffs. The Plaintiffs *never* provided an expert disclosure of Ruth Vacha, let alone one that included the requirements of Rule 26 (a)(2)(C). The Plaintiffs also *never* disclosed anyone that may introduce any testimony pertaining to the laboratory testing of Shea's blood allegedly conducted after the subject accident.

2

6. Also pursuant to the Order, this Honorable Court required that on or before September 22, 2017, the parties serve their mandatory initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). (Doc. No. 25.) The Plaintiffs did not list Ruth Vacha on their initial disclosures. (Ex. A.)

7. Discovery closed on April 16, 2018, with no indication by the Plaintiffs that they intended to provide any testimony from Ms. Vacha, or anyone regarding the alleged intoxication or impairment of Mr. Shea.

8. On May 28, 2018, Plaintiffs filed a Motion for Final Summary Judgment and Memorandum of Law. (Doc. No. 67.) On June 18, 2018, Shea filed a Response in Opposition to Plaintiffs' Motion for Summary Judgment and Memorandum of Law. (Doc. No. 82.) On July 2, 2018, Plaintiffs filed a Reply to Shea's Response in Opposition to Plaintiffs' Motion for Summary Judgment and annexed as an exhibit to Plaintiffs' Reply was the Affidavit of Ruth Vacha (Doc. No. 90, 90-1.)

9. Ms. Vacha's Affidavit attached a document purporting to be a laboratory report pertaining to the claimed intoxication or impairment of Shea and attached her curriculum vitae that included a list of her qualifications and experience. (Doc. No. 90-1.)

10. In response to the newly disclosed evidence in Plaintiffs' Reply, on July 16, 2018, Shea filed a Motion to Strike the Affidavit of Ruth Vacha. (Doc. No. 92.)

11. On July 6, 2018, after Plaintiff filed the Affidavit of Ms. Vacha, while the motions were still pending, Plaintiffs *for the first time*, served an Amended Rule 26(a)(1) disclosure that reflects that they intend to call witness Ruth Vacha in some capacity at trial. Plaintiffs' amended disclosure states that they intend to call Ms. Vacha to testify regarding "information pertaining to said analysis and [toxicology] report." (Ex. B.)

3

12. Ms. Vacha's Affidavit and Plaintiffs' statements in their amended Rule 26(a)(1) disclosures that Ms. Vacha will testify regarding "information" and "analysis" of the toxicology testing and results appear to suggest that Plaintiffs intend to elicit expert testimony from Ms. Vacha at trial (without ever disclosing Ms. Vacha as an expert witness).

13. Due to Plaintiffs' failure to disclose Ms. Vacha as an expert (or even disclosing her in their initial Rule 26 disclosures) pursuant to this Court's Order and Rule 37, Shea requests that this Honorable Court preclude testimony from the undisclosed witness. The Plaintiffs' failure to make a timely and proper expert disclosure is not substantially justified and is not harmless. The Plaintiffs should not be permitted to slip in what appears to be expert testimony by Ms. Vacha at trial, by failing to properly disclose the expert testimony but instead just amending their Rule 26(a)(1) disclosures after discovery is closed and Shea was deprived of the opportunity to be put on notice to depose any witness the Plaintiffs now attempt to use to introduce the laboratory evidence.

14. If it is Plaintiffs' intention to provide expert testimony of Ms. Vacha (as suggested by Ms. Vacha's Affidavit and Plaintiffs' Amended Rule 26(a)(1) Disclosures), then pursuant to Federal Rule of Civil Procedure 26 (a)(2)(D)(ii), Shea is entitled to disclose a rebuttal expert.

15. Federal Rule of Civil Procedure 26(a)(2)(D)(ii), states that a party is entitled to provide a rebuttal expert witness, "[I]f the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." The expert disclosure rules are provided to give the opposing party a reasonable opportunity to arrange for expert rebuttal testimony. *See Collado v. Carnival Corp.*, 10-21568-CIV, 2011 WL 3268042, at *1 (S.D. Fla. July 29, 2011) (Rule 26(a)(2) "is intended to provide opposing parties reasonable opportunity to prepare for effective

cross examination and perhaps arrange for expert testimony from other witnesses."); *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1362 (11th Cir. 2008).

16. In the abundance of caution if this Honorable Court were to allow Plaintiffs to provide testimony from Ms. Vacha (despite ever properly disclosing her as an expert), pursuant to Rule 26(a)(2)(D)(ii), Shea serves this intention to provide a rebuttal expert of Barry Funck to solely contradict or rebut evidence on the same subject matter of Ms. Vacha (as outlined in Ms. Vacha's Affidavit (Doc. No. 90-1.) and Plaintiffs' description of her testimony listed on Plaintiffs' Amended Rule 26(a)(1) Disclosures served on July 6, 2018 (Ex. B.)).

17. A copy of Mr. Funck's Rule 26 expert rebuttal disclosure is attached as Exhibit C. Pursuant to Rule 26(a)(2)(D)(ii), this rebuttal disclosure is provided within 30 days after the Plaintiffs' July 6, 2018 disclosure of Ruth Vacha in their Amended Rule 26(a)(1) Disclosures. The Plaintiffs should not be allowed to disclose Ms. Vacha as a witness after the fact to deprive Shea of an opportunity to provide contrary testimony. If Plaintiffs are allowed to make a late disclosure of the laboratory testing and Ms. Vacha's testimony, then Shea should be allowed to make a disclosure of Mr. Funck, to rebut the Plaintiffs' post-discovery disclosure of Ms. Vacha.

WHEREFORE, Defendant PATRICK SHEA, by and through his undersigned counsel, hereby requests this Court preclude testimony from Plaintiffs' undisclosed witness Ruth Vacha. If this Honorable Court were to allow Plaintiffs to provide testimony from the undisclosed witness Ruth Vacha, then Defendant PATRICK SHEA serves this intention to provide a rebuttal expert of Barry Funck to contradict or rebut evidence on the same subject matter of Ruth Vacha, and have attached Barry Funck's Rule 26 expert rebuttal disclosure as Exhibit C.

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g) and this Court's Order (Doc. No. 25.), the undersigned counsel conferred with counsel for Plaintiffs via telephone, and the parties have been unable to agree on the resolution of this Motion.

*/s/ Amber Davids*
F. Bradley Hassell, B.C.S.
Florida Bar No. 260592
FBH@Hassell-Legal.com
Amber Brooks Davids, Esquire
Florida Bar No. 116150
ABD@Hassell-Legal.com
Hassell-Legal, P.A.
1616 Concierge Boulevard, Suite 100
Daytona Beach, FL 32117
Ph: (386) 238-1357 / Fax: (386) 258-7406
Attorneys for Defendant SHEA

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via email and U.S. first-class mail this 3rd day of August, 2018, to:

Shawn J. Davis, Esquire
Falk, Waas, Hernandez, Cortina,
Solomon & Bonner, P.A.
1900 NW Corporate Blvd., Suite 210-E
Boca Raton, FL 33431
Ph: (561) 367-2510 / Fax: (561) 807-6633
sdavis@falkwaas.com
*Attorneys for Plaintiffs*

Web Earl Brennan, Esquire
115 S. Newport Avenue
Tampa, Florida 33606
Ph: (813) 254-7770
web@bhklawfirm.com
*Attorney for Defendant/G. Valley*

Corey A. Bundza, Esquire
Bundza & Rodriguez, P.A.
444 Seabreeze Boulevard, Suite 890
Daytona Beach, FL 32118
Ph: (386) 252-5170/Fax: (386) 252-5167
corey@daytonalawyers.com;
paralegal@daytonalawyers.com
*Attorneys for Defendant/S. Morford*

/s/ Amber Davids
F. Bradley Hassell, B.C.S.
Florida Bar No. 260592
FBH@Hassell-Legal.com
Amber Brooks Davids, Esquire
Florida Bar No. 116150
ABD@Hassell-Legal.com
Hassell-Legal, P.A.
1616 Concierge Boulevard, Suite 100
Daytona Beach, FL 32117
Ph: (386) 238-1357 / Fax: (386) 258-7406
Attorneys for Defendant SHEA

7